**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**AT LONDON**
**CRIMINAL ACTION NO. 10-6-GFVT**
**CIVIL ACTION NO. 16-125-GFVT**

**UNITED STATES OF AMERICA**                                                    **PLAINTIFF**

**V.**

**DIANA WILSON**                                                                             **DEFENDANT**

**REPORT AND RECOMMENDATION**

Pending is defendant's construed motion for postconviction relief under 28 U.S.C. §2255. Doc. 373. Defendant's sole contention is that she entitled to relief pursuant to *Johnson v. United States*, 135 S.Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague. However, after conducting the preliminary review required by Rule 4 of the Rules Governing Section 2255 Cases, the Court concludes that *Johnson* is inapplicable and, consequently, the construed §2255 motion should be denied without the United States being required to file a response.

Pursuant to her guilty plea,[1] in December 2012 defendant was sentenced to a total of 192 months' imprisonment for one count of Social Security fraud and one count of conspiracy to distribute more than 50 grams of cocaine base. Doc. 320. Defendant appealed and in July 2014 the Sixth Circuit issued an opinion which affirmed defendant's conviction and sentence except for the issue of the proper term of supervised release. Doc. 344. After additional briefing, in

---

1 Section eight of the plea agreement provides in relevant part that defendant "waives the statutory right to appeal and the right to collaterally attack the guilty plea and conviction. The Defendant reserves her right to challenge the sentence in this matter as it relates to incarceration and/or supervised release." Doc. 316, p. 8. Given the Court's conclusion that defendant is not entitled to relief on the merits, the Court need not address whether the §2255 motion is barred in whole or part by the waiver clause.

January 2015 the Sixth Circuit issued a second opinion which vacated and remanded for resentencing but only as to the imposition of a new period of supervised release. Doc. 351.

In May 2015 defendant was resentenced, with the only change being the imposition of a different term of supervised release. Doc. 361. Very shortly thereafter defendant filed a motion for sentence reduction due to changes in the Sentencing Guidelines. Doc. 363. In August 2015, the Court granted the motion and reduced defendant's term of imprisonment to 155 months' imprisonment. Doc. 365.

No action then occurred until June 2016 when defendant sent a letter to the Court asking for relief pursuant to *Johnson*. Doc. 370. The presiding district judge issued an order later in June construing the pro se letter as a §2255 motion. Doc. 372. The handwritten, one page long, construed motion provides in its entirety:

> Hello, Mr. [sic] Van Tatenhove, my name is Diana Wilson #13600-032[.] I am in Federal Medical Center[,] PO Box 14525[,] Satellite Camp[,] Lexington, Kentucky 40512-4525[.] I got two points on me for a [sic] enhanced [sic] of a Firearm, I'm asking you to look at the Johnson v. United States [opinion] and see if you would give me a Sentence Reduced [sic]. I got 155 months and has [sic] done 76 months of my time. Thank you for your time.

Doc. 373, p. 1.

18 U.S.C. §924(e)(1), the ACCA, provides in relevant part that "[i]n the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . ." Subsection (e)(2)(B) of that statute defines "violent felony" in relevant part as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force

2

against the person of another; or . . . is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ."

The portion of the ACCA defining a violent felony as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another" is known as the residual clause. *See Johnson*, 135 S.Ct. at 2556. The *Johnson* Court held that it was "convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law." *Id.* at 2557. However, the Court was careful to note that its decision affected only the constitutionality of the residual clause, not the remainder of the ACCA's definition of violent felony. *Id.* at 2563 ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.").

Turning to the case at hand, there is no indication that defendant was found to be a career criminal under the residual clause--or any other provision--of the ACCA. Indeed, the ACCA is not discussed in the presentence report (doc. 323), the original final judgment or the final judgment issued on remand (docs. 320, 361) or either opinion of the Sixth Circuit. Docs. 344, 351. In fact, at sentencing the Court found defendant to have a criminal history of Category III. Doc. 331, p. 53. Because defendant was not found to be a career criminal under the ACCA, *Johnson* affords her no relief. In turn, because *Johnson* is the only stated basis for relief in the

construed motion, the Court should deny the motion without the United States being required to file a response.

For the foregoing reasons,

**IT IS RECOMMENDED** that defendant's construed 28 U.S.C. §2255 motion (doc. 373) be **denied** without the United States being required to file a response.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 8th day of July, 2016.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge